UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MITCHELL MIRAGLIA                                        CIVIL ACTION

VERSUS                                                  NO. 15-4947

BD. OF SUPERVISORS OF LA. STATE MUSEUM, ET AL.          SECTION "A"(5)


## ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 44)**

filed by Plaintiff Mitchell Miraglia. Defendants Board of Directors of the Louisiana State

Museum and Robert Wheat oppose the motion. The motion is before the Court on the

briefs without oral argument. For the reasons that follow, the motion is DENIED.

**I.      Background**

Plaintiff Mitchell Miraglia is a quadriplegic afflicted with cerebral palsy and he

requires a wheelchair for mobility. Defendant Board of Directors of the Louisiana State

Museum is a subdivision of the State of Louisiana and operates the retail complex in the

Lower Pontalba Building located in New Orleans. Defendant Robert Wheat is the

current chief executive of the Board and he has been sued in his official capacity only.

The Lower Pontalba Building is open to members of the public and the building is

on the National Register of Historic Places. (Rec. Doc. 55, Joint PTO at 9-10). Plaintiff

contends that the programs, services, and activities offered at the Lower Pontalba

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 44)
Page 1 of 9

Building are not accessible to individuals with disabilities as a result of numerous physical barriers, and also as a result of the Board's failure to adopt alternative methods of providing access for persons with disabilities.

Plaintiff has filed a motion for partial summary judgment directed solely at the issue of liability and not at the question of a remedy appropriate for any given violation. Plaintiff contends that the record provides an undisputed basis for the Court to rule as a matter of law that Defendants have violated the "program access" and "maintenance of accessible features" standards of Title II of the Americans with Disabilities Act ("ADA"). The specific nature of the injunctive relief sought, however, is not the subject of this motion and according to Plaintiff would be appropriately the subject of a subsequent hearing. (Rec. Doc. 51, Reply at 6 n.22).

Trial in this matter had been set for September 19, 2016. The Court cancelled the trial in light of a pending criminal matter. (Rec. Doc. 59). A status conference with the Court is set for Thursday, October 27, 2016, to select a new trial date. (Rec. Doc. 65).

## II.    <u>Governing Law</u>

Title II of the ADA focuses on disability discrimination in the provision of public services, programs, and activities. *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011). Title II states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 44)
Page 2 of 9

entity."[1] 42 U.S.C. § 12132. Title II differentiates between "existing structures," *i.e.*, structures built prior to the Act taking effect in January 1992, and facilities built or altered after January 1992. *Greer v. Richardson Indep. Sch. Dist.*, 472 Fed. Appx. 287, 291 (5th Cir. 2012) (not published).

The accessibility requirements for existing facilities are less stringent and more flexible than for new or altered facilities. *Id.* When considering ADA compliance for existing structures, the appropriate standard is "program accessibility" not facility accessibility.[2] *Id.* For that standard the federal regulations provide: "A public entity shall operate each service, program, or activity so that the service, program, or activity, *when viewed in its entirety*, is readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.150(a) (emphasis added). Making a program or activity accessible under this standard does not require a public entity to make all of its existing facilities accessible to disabled individuals nor does it require a public entity to take an action that would place an undue burden on the entity. *Id.* § 35.150(a)(1), (3). Furthermore, the regulations do not provide objective criteria for evaluating program accessibility. *Greer*, 472 Fed. Appx. at 291. While an existing structure's compliance with ADAAG

---

[1] The Court notes that in his original complaint Plaintiff included a count for violation of the Rehabilitation Act. The ADA and § 504 of the Rehabilitation Act (29 U.S.C. § 794(a)) are generally interpreted *in para materia* and employ the same legal standards. *See Frame*, 657 F.3d at 223-24. Plaintiff's briefing is limited to Title II which is not problematic under Fifth Circuit precedent. *See id.* at 224.

[2] There is no dispute in that the Lower Pontalba Building qualifies as an existing structure for purposes of ADA compliance.

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 44)
Page 3 of 9

regulations may be informative, program accessibility is ultimately a subjective determination by viewing the program or activity at issue in its entirety and not solely by evaluating individual elements of the facility where the program is held. *Id.*

Before relief under the ADA can be considered, the plaintiff must establish a prima facie case of discrimination. To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate, 1) that he is a qualified individual within the meaning of the ADA; 2) that he is being excluded from participation in, or being denied benefits of services, programs, or activities for which the public entity is responsible; and 3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.[3] *Melton v. DART*, 391 F.3d 669, 671-72 (5th Cir. 2004) (citing *Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997)).

But the question of whether a qualified individual has a cause of action is a distinct one from whether he has Article III standing to pursue that cause of action and the specific relief sought. *See Davis v. Passman*, 442 U.S. 228,239 n.18 (1979). Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong. *Id.* (citing *Valley Forge Christ. College v. Am. United for*

---

[3]  It is important to remain mindful that "discrimination" for purposes of liability under the ADA statutory scheme differs from discrimination in the constitutional sense. *Greer*, 472 Fed. Appx. at 292 & n.4.

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 44)
Page 4 of 9

*Separation of Church and State, Inc.*, 454 U.S. 464, 473 (1982); *Warth v. Sedlin*, 422 U.S. 490, 498-99 (1975)). Standing consists of three elements, all of which must be established by the plaintiff: 1) injury in fact, 2) a causal connection between the injury and the conduct complained of, and 3) redressability. *Ivy v. Williams*, 781 F.3d 250, 253 (5th Cir. 2015) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *Spokeo*, 136 S. Ct. at 1547.

### III.   Analysis

Defendants argue in opposition that Plaintiff lacks standing to pursue an ADA claim vis à vis the Lower Pontalba Building. Defendants point out that Plaintiff admitted in his deposition that he did not actually attempt to even enter any of the locations in question, and therefore did not encounter any barrier. Defendants stress that Plaintiff has no evidence to corroborate his assertion that he ever attempted to enter the businesses at the Lower Pontalba Building. Defendants contend that at the very least genuine issues of material fact as to standing preclude summary judgment in Plaintiff's favor. (Rec. Doc. 48 at 2-3).

Defendants arguments regarding standing present a challenge to the injury in fact element of standing. To establish injury in fact a plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). Particularization and concreteness are distinct, independent requirements and both must be satisfied to establish injury in fact. *Id.* In the

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 44)
Page 5 of 9

context of Title II, the Fifth Circuit has explained that a disabled person need not engage in "futile gestures" before seeking an injunction; but hypothetical claims and claims based on mere "some day intentions" will not support standing. *Frame*, 657 F.3d at 235-36.

      The Court has reviewed the pertinent evidence regarding standing, which is Plaintiff's deposition testimony and his affidavit. Plaintiff's deposition testimony makes clear that the specific barrier that he encountered with respect to the Lower Pontalba Building was entry to the businesses in the retail complex (Ma Sherie Amour Shop, Little Toy Shop, Louisiana Visitors and Information Center, Creole Delicacies, and Tabasco Country Store) due to either a lack of ramps or doors that were too narrow to accommodate his wheelchair. (Rec. Doc. 48-2). Plaintiff never entered any of the businesses at issue and therefore never encountered any of the numerous interior barriers listed in his voluminous expert report. Instead, having identified a problem with access at the door, Plaintiff, who characterizes himself as an advocate for the disabled, hired an expert to enter the premises for the purpose of identifying potential ADA violations upon which Plaintiff then filed suit based on his status as a qualified individual. (Rec. Doc. 44-4, Plaintiff's Affidavit). Under the broadest reading of ADA constitutional standing, a barrier to entry does not in and of itself provide a litigation launch pad from which a disabled individual can sue to correct every violation that his expert concluded would have been a barrier to the plaintiff had he actually entered the

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 44)
Page 6 of 9

premises.[4]  Plaintiff cannot demonstrate a particularized much less concrete injury with respect to barriers that he never encountered (including problems with the women's restroom facilities).[5]

The more difficult question is whether Plaintiff has standing to sue even for the barriers to entry of the businesses located in the Lower Pontalba Building that he did encounter. Contrary to Defendants' assertion, there are no disputed issues of fact pertaining to standing. That Plaintiff's testimony concerning his visit to the Pontalba building in 2015 is uncorroborated does not make it "disputed," in the absence of contrary evidence, for purposes of summary judgment. Therefore, the determination as to Article III standing is strictly a question of law for the Court to decide, not the jury.

That said, Defendants make a strong argument that Plaintiff has not established that the barriers that he observed at the Lower Pontalba Building affected him in any manner in his day to day activities. His testimony regarding the retail complex was vague to say the least. Notwithstanding that he has lived nearby for years and visited Jackson Square at least a hundred times, Plaintiff apparently only tried the one time in the summer of 2015 to enter the businesses at issue and his plans to return border dangerously close to the kind of conjectural "some day intentions" that the Fifth Circuit

---

[4]  The Court is well aware of the principle of futility that in some cases may allow standing for a barrier that the plaintiff has not actually encountered. The Court is not persuaded that this case fits that exception.

[5]  Further, some of the alleged violations seem to pertain to the way the merchant-tenant has organized the displays in the store. The Court questions whether the State would be the proper defendant to cure any such problem.

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 44)
Page 7 of 9

referred to in *Frame v. City of Arlington, supra,* as insufficient to support standing. Out of an abundance of caution, the Court will find, however, as a matter of law that Plaintiff has standing to pursue an ADA claim based on the specific barriers that he did encounter – inability to enter the premises.

With the universe of claims in this case now significantly curtailed in light of standing, the Court is not certain that Plaintiff has identified the appropriate standard in this case. In *Greer*, the Fifth Circuit observed how parties in ADA cases may err by conflating program access with facility access even though the standards differ. 472 Fed. Appx. at 294. In fact, Plaintiff in this case accused Defendants of such conflation but Plaintiff may very well have framed his legal arguments based on barriers for which he has no constitutional standing to sue. The Court expresses no opinion at this time as to which ADA standard should govern, or whether Defendants' arguments pertaining to historical site exceptions or the City's ownership of the sidewalk will prevail. The Court concludes only that Plaintiff has standing to pursue certain of his claims, and that Plaintiff is not entitled to partial summary judgment on the current record.[6]

Accordingly, and for the foregoing reasons;

---

[6] The Court is not suggesting that the record is incurably deficient but the Court is not going to grapple with the volumes of briefing, expert reports, and depositions that pertain in large part to claims for which Plaintiff lacks standing.

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 44)
Page 8 of 9

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 44)** filed by Plaintiff Mitchell Miraglia is **DENIED**.

October 24, 2016

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 44)
Page 9 of 9