UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MITCHELL MIRAGLIA | CIVIL ACTION |
| VERSUS | NO: 15-4947 |
| THE BOARD OF DIRECTORS OF THE LOUISIANA STATE MUSEUM, ET AL. | SECTION: "A" (5) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is a civil action brought by Mitchell Miraglia against The Board of Directors of the Louisiana State Museum and Robert E. Wheat, in his official capacity as the chief executive of the Louisiana State Museum. Plaintiff's claims arise under Title II of the Americans With Disabilities Act and the Rehabilitation Act, and pertain to barriers to access for the disabled at the historical Lower Pontalba Building in the New Orleans French Quarter.

The case was tried to the bench on September 11, 2017. Having considered the testimony and evidence at trial, the deposition submitted in lieu of live testimony, the arguments of counsel as presented in their memoranda, and applicable law, the Court now enters the following Findings of Fact and Conclusions of Law in accordance with Federal Rule of Civil Procedure 52(a). To the extent that any finding of fact may be construed as a conclusion of law, the Court hereby adopts it as such. To the extent that any conclusion of law constitutes a finding of fact, the Court adopts it as such.

I. **FINDINGS OF FACT**

Plaintiff Mitchell Miraglia is a quadriplegic afflicted with cerebral palsy. Plaintiff

uses an electric wheelchair for mobility. Plaintiff has been unable to walk for 25 years.

Plaintiff is a lifelong resident of New Orleans and he uses public transportation for the disabled in order to travel throughout the City. Plaintiff enjoys going to the French Quarter and he goes there about once a month. Plaintiff has visited Jackson Square numerous times in the past and will return.

The Louisiana State Museum owns the Lower Pontalba Building. The Lower Pontalba borders the downriver side of Jackson Square in the French Quarter. The doors and front wall of the building are original from its construction centuries ago.

The Lower Pontalba is open to members of the public and it houses several retail establishments on the ground floor. Plaintiff resides approximately 2.2 miles from the Lower Pontalba and he would like to be able to visit the building's retail shops during his trips to the French Quarter.

While visiting the Lower Pontalba in the summer of 2015, Plaintiff first encountered barriers that prevented him from entering the following retail stores in his wheelchair: Ma Sherie Amour Shop, Little Toy Shop, Louisiana Visitors and Information Center, Creole Delicacies, Tabasco Country Store. Plaintiff did not actually attempt to enter the stores because he was able to determine via a visual inspection that his wheelchair could not clear the doorways, and he was concerned for his own safety should he try to navigate the passages in his wheelchair.

Plaintiff wanted to enter the stores. If the stores had been accessible then he would have browsed in them and perhaps made purchases. Plaintiff was not comfortable requesting assistance from the stores' employees when he encountered the barriers. Given that Plaintiff visits the French Quarter and in particular the area around Jackson Square, often and regularly, he continues to desire to enter those

stores and he would enter them if he could.

Plaintiff feels emotional injury when his disability prevents him from partaking in offerings that nondisabled members of the public can readily enjoy.

The Court found Plaintiff to be a credible witness and will credit his testimony.

Plaintiff's expert, Nicholas Heybeck, P.E., confirmed that there are barriers to entry for the disabled at the foregoing businesses and he documented those mobility-related barriers in a report. (Trial Exhibit 3; Joint Stipulated Trial Testimony (Heybeck) ¶ 7). The step at the Tabasco Country Store is 5 inches (Trial Exhibit 3, Bates 0022); the step at the Creole Delicacies is 1.25 inches (Trial Exhibit 3, Bates 0027); the step at the Louisiana Visitors Center is 5 inches (Trial Exhibit 3, Bates 0030); the step at Ma Sherie Amour is 5.5 inches (Trial Exhibit 3, Bates 0035); the step at Little Toy Shop is 6 inches (Trial Exhibit 3, Bates 0040). (Joint Stipulated Trial Testimony (Heybeck) ¶ 9).

There is a second barrier at the Tabasco store, the Visitors Center, Ma Sherie Amour, and Little Toy Shop because at those stores there are two door folds but only one door fold is being utilized making the entry too narrow (less than 32 inches) for a wheelchair like Plaintiff's. (Joint Stipulated Trial Testimony ¶ 25). However, if the second door fold is unlatched by an employee of the store, then a wheelchair could enter. (*Id.* ¶ 27).

The Lower Pontalba Building is on the National Register of Historic Places. The sidewalk on the exterior of the building is owned and maintained by the City of New Orleans.

## II.  CONCLUSIONS OF LAW

The Court has subject matter over this action pursuant to 28 U.S.C. § 1331, which confers on the federal courts original jurisdiction over civil actions arising under

the laws of the United States. Venue is proper in this district and is not contested.

Plaintiff's action is one for declaratory and injunctive relief and damages pursuant to Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12132, as well as the Rehabilitation Act, 29 U.S.C. § 794.[1]

Plaintiff has standing to assert an ADA claim with respect to Ma Sherie Amour Shop, Little Toy Shop, Louisiana Visitors and Information Center, Creole Delicacies, Tabasco Country Store at the Lower Pontalba. Plaintiff offered credible testimony that he frequents the French Quarter and the area around Jackson Square. Nothing makes his testimony regarding his desire and intention to patronize the stores in the Lower Pontalba implausible. Plaintiff has relied on his wheelchair for mobility for many years so he knew when he saw the store entrances that he could not enter. A person with a disability need not suffer the indignity and safety risk of the futile gesture of bumping the wheels of his chair into obvious physical barriers in order to create standing to pursue rights under federal law.

The ADA is a "broad mandate" of "comprehensive character" and "sweeping purpose" intended "to eliminate discrimination against disabled individuals, and to integrate them into the economic and social mainstream of American life." *Frame*, 657 F.3d at 223 (quoting *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001)). Title II of the ADA focuses on disability discrimination in the provision of public services. *Id.* Specifically, Title II provides that "no qualified individual with a disability shall, **by**

---

[1] The ADA and Rehabilitation Act generally are interpreted in para materia. *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011). Section 504 of the Rehabilitation Act prohibits disability discrimination by recipients of federal funding. Neither side suggests that the standards applicable under the ADA differ in any manner from the standards applicable under the Rehabilitation Act, at least insofar as this case is concerned

***reason of such disability***, be excluded from participation in or be denied the benefits of the services, programs, or activities ***of a public entity***, or be subjected to discrimination ***by any such entity***." 42 U.S.C. § 12132 (emphasis added).

To establish a prima facie case of discrimination under the ADA, Plaintiff must demonstrate: 1) that he is a qualified individual within the meaning of the ADA; 2) that he was excluded from participation in, or was denied benefits of, services, programs, or activities for which the Louisiana State Museum is responsible; and 3) that such exclusion or discrimination is because of his disability. *See Greer v. Richardson Indep. Sch. Dist.*, 472 Fed. Appx. 287, 292 (5th Cir. 2012) (unpublished) (citing *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004)).

Plaintiff is a qualified individual with a disability within the meaning of the ADA. The Louisiana State Museum is a "public entity" within the meaning of the ADA. Plaintiff was excluded from and denied physical access to the business offerings at the Lower Pontalba because of his disability.

The Louisiana State Museum owns the Lower Pontalba Building and has elected to lease the space on the lower level to retail tenants as a means to generate revenue. (Wheat deposition at 10). The barriers to entry are caused by architectural issues that are not within the tenants' purview to address (door width and sidewalk differential). Therefore, even though the retail tenants operate the businesses in the Lower Pontalba, the Louisiana State Museum remains responsible under the ADA for the accessibility issues.

The ADA does not require that Defendant modify the exterior of the historic Pontalba building, including recutting the doorways which are apparently original construction.

The Louisiana State Museum does not have custody of the public sidewalks outside of the building and cannot alter them. Therefore, Defendant cannot be ordered to raise the sidewalks in order to eliminate the step differential at the entrance to the retail facilities in its building.

The parties' experts agree that a reasonable accommodation at the Lower Pontalba for purposes of the ADA would be: 1) five portable ramps available for sale on 1-800-wheelchair.com for $289.00 each for use at Ma Sherie Amour, Little Toy Shop, Louisiana Visitors Center, Creole Delicacies, and Tabasco Country Store; 2) buzzers for use at the exterior entrances of those stores to alert workers when a handicapped person needs those ramps and assistance utilizing them and/or other assistance getting into the store; 3) signs next to the exterior buzzers to let handicapped people know to press the buzzer for assistance getting into the store. (Joint Trial Testimony (Michael Holly) ¶ 7).

The Louisiana State Museum has ordered the five door buzzers, portable ramps, and signs. (Trial Exhibit 9). These items were ordered on September 7, 2017. (*Id.*). These items will be installed and made available to the retail tenants at the foregoing shops as soon as they are received.

Plaintiff's claim for declaratory and injunctive relief against the Louisiana State Museum is now moot. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 608 (2001). The Louisiana State Museum does not oversee or supervise the day to day operations of the tenants and cannot be responsible if the employees of a given tenant fail to appropriately respond when a disabled person presses the door buzzer for assistance (by unlatching the second door fold and placing the portable ramp into position).

Given that the foregoing reasonable accommodation has not been installed to date, however, the Court retains jurisdiction over this matter should Defendant default on the representations made in open court at trial.

The Court awards Plaintiff $500.00 in damages.

Plaintiff shall file his motion for attorney's fees within 30 days of entry of judgment.

September 14, 2017

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE