UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MITCHELL MIRAGLIA                                          CIVIL ACTION

VERSUS                                                     NO. 15-4947

BD. OF SUPERVISORS OF LA. STATE MUSEUM, ET AL.             SECTION "A"(5)

# ORDER AND REASONS

Before the Court is Plaintiff Mitchell Miraglia's **Motion to Fix Attorney's Fees, Costs, and Expenses (Rec. Doc. 101)**. The Board of Directors of the Louisiana State Museum and Robert Wheat in his official capacity as chief executive of the Louisiana State Museum has filed a memorandum in opposition (Rec. Doc. 107). The motion, submitted for consideration on November 1, 2017, is before the Court on the briefs without oral argument.

This case was tried to the bench on September 11, 2017. On September 15, 2017, the Court entered judgment in favor of Plaintiff awarding Plaintiff general damages of $500.00 under the ADA. (Rec. Doc. 100). The Court found that the remedy of injunctive relief was moot under the principles of *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001). (Rec. Doc. 99 at 6).

The Court in its discretion may allow the prevailing party a reasonable attorney's

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Attorney's Fees (Rec. Doc. 101
Page 1 of 4

fee, including litigation expenses, and costs. 42 U.S.C. § 12205. It is undisputed that Plaintiff was a prevailing party in this case. The Court is persuaded that an award of fees, expenses, and costs is appropriate.

The lodestar method is appropriate for calculating a reasonable fee award. The lodestar method is based on the number of hours worked multiplied by the prevailing hourly rate. *See Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010). Enhancements or reductions as appropriate can then be made. *See id.*

The Court finds the requested hourly rates to be reasonable: $275 for lead attorney Andrew Bizer; $150 for attorney Garret DeReus; $125 for attorney Amanda Klevorn; $100 for attorney James Daniel; $75 for a paralegal.[1]

The Court is persuaded that Plaintiff's attorneys have provided adequate support of the legitimate hours that they expended on this case. Given the significant deletions and reductions that Plaintiff have documented, it is clear to the Court that counsel followed the Court's admonishments in the *Mark* case. The hours claimed are commensurate with the fact that this case was litigated for two years and then tried on liability and damages.

The Court finds the requested fees totaling $38,050.25 to be the reasonable fee award under a straight lodestar calculation. The Court reduces that award by $8,000 because time was expended on non-starter issues such as the possibility of raising

---

[1] Plaintiff requested these specific rates because the Court found these rates to be reasonable for the same attorneys in 15-5977, *Yadi Mark v. City of Covington* (Rec. Doc. 30).

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Attorney's Fees (Rec. Doc. 101
Page 2 of 4

sidewalks over which Defendant had no control and the possibility of altering store fronts on the historical building, which the ADA did not require. The Court will award fees totaling $30,050.25.[2]

Defendant takes the position that the only fees and costs that Plaintiff can recover are those directly related to Plaintiff's compensatory damage award. According to Defendant, that award was based solely on Plaintiff's own testimony which cost the Plaintiff nothing. This contention lacks merit. Before any award of damages became an issue, Plaintiff had to establish liability stemming from a violation of the ADA. The fees, costs, and expenses that Defendant objects to were necessary for establishing liability.

Defendant urges the Court to treat the $500.00 award in damages as a nominal damage award and to reduce any award of fees and costs proportionally. This contention lacks merit. The primary objective of this lawsuit was not monetary relief so the small quantum of the damage award does not detract from the success on the merits that Plaintiff obtained. Defendant never conceded liability and Plaintiff was forced to try the issue. That the only remedy left available to Plaintiff was a damage award does not affect his entitlement to all fees and costs associated with satisfying his burden

---

[2] The reduction by the Court also reflects that the case was not streamlined in its infancy. Plaintiff filed a cumbersome motion for partial summary judgment that included a plethora of claims that Plaintiff clearly lacked standing to assert. The Court is cognizant of the fact that Defendant had to pay its own attorneys for what was surely a significant amount of time in defending that motion. It was the Court's own ruling that narrowed the scope of the case that went to trial.

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Attorney's Fees (Rec. Doc. 101
Page 3 of 4

of proof.[3]

Plaintiff requests that costs be taxed at $4,975.46, after making numerous reductions. Defendant suggests that Plaintiff should not be reimbursed for experts who were not called to testify at trial. The Court agrees with Plaintiff's contention that he should not be penalized for entering into stipulations that obviated the need to call the experts live at trial (or to introduce their depositions into evidence). The Court will award the requested $4,975.46 in costs without reduction.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Fix Attorney's Fees, Costs, and Expenses (Rec. Doc. 101)** filed by Plaintiff is **GRANTED** as follows: Plaintiff is awarded attorney's fees totaling $30,050.25 and costs/expenses totaling $4,975.46.

November 7, 2017

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[3] In fact, the primary objective of the lawsuit was injunctive relief which Plaintiff would have been entitled to based on the same proof that was necessary to establish liability on the damage award. On the morning of trial Defendant was allowed to introduce evidence over Plaintiff's objection that mooted injunctive relief as an available remedy. Unfortunately, the Court later learned that Defendant did not actually comply with the measures that it used to moot Plaintiff's claim for injunctive relief until after Plaintiff complained to the Court of Defendant's noncompliance (Rec. Doc. 104) and the Court set a status conference to determine the cause of the delay. Even after the status conference held on November 3, 2017 (Rec. Doc. 118), the delay in implementing the changes that were used to moot Plaintiff's request for injunctive relief has yet to be explained to the Court's satisfaction.

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Attorney's Fees (Rec. Doc. 101
Page 4 of 4