UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MITCHELL MIRAGLIA | CIVIL ACTION |
| VERSUS | NO. 15-4947 |
| BD. OF SUPERVISORS OF LA. STATE MUSEUM, ET AL. | SECTION "A"(5) |

## ORDER AND REASONS

Before the Court is Plaintiff Mitchell Miraglia's **Motion to Fix Attorney's Fees (Rec. Doc. 144)**. The Board of Directors of the Louisiana State Museum and Robert Wheat in his official capacity as chief executive of the Louisiana State Museum (collectively "the Museum") have filed a memorandum in opposition (Rec. Doc. 145) and a supplemental opposition (Rec. Doc. 151). Plaintiff has filed a reply. (Rec. Doc. 149). The motion, submitted for consideration on November 14, 2018, is before the Court on the briefs without oral argument.

This case was tried to the bench on September 11, 2017. On September 15, 2017, the Court entered judgment in favor of Plaintiff awarding Plaintiff general damages of $500.00 under the ADA. (Rec. Doc. 100). The Court found that the remedy of injunctive relief was moot under the principles of *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001). (Rec. Doc. 99 at 6). The Court did, however, retain jurisdiction over this matter should

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Attorney's Fees (Rec. Doc. 144)
Page 1 of 7

the Museum default on the representations made in open court at trial. (*Id.* at 7).

On October 12, 2017, Plaintiff filed his motion for attorney's fees, costs, and expenses. (Rec. Doc. 101). Both parties filed a notice of appeal with respect to the judgment.

On October 19, 2017, Plaintiff filed a "Notice of Defendants' Non-Compliance," the purpose of which was to inform the Court that the Museum had failed to implement the ramp/buzzer/sign solution that it had relied upon on the morning of trial to avoid injunctive relief in this case. (Rec. Doc. 104). The delay in implementing this solution spawned a series of motions, a telephone conference, and an evidentiary hearing on a motion for contempt. The Court denied the motion for contempt. (Rec. Doc. 142).

On November 7, 2017, the Court granted Plaintiff's motion for fees and costs, which was grounded on prevailing party status related to the favorable September 15, 2017 judgment. (Rec. Doc. 119). The Court awarded Plaintiff attorney's fees totaling $30,050.25 and costs/expenses totaling $4,975.46. The Court specifically found the requested hourly rates for counsel to be reasonable: $275 for lead attorney Andrew Bizer; $150 for attorney Garret DeReus; $125 for attorney Amanda Klevorn; $100 for attorney James Daniel; $75 for a paralegal.[1] (Rec. Doc. 119 at 2).

On August 24, 2018, the Fifth Circuit dismissed as moot Plaintiff's appeal. As for the Museum's appeal, the appellate court affirmed in part and reversed and rendered in

---

[1] Plaintiff requested these specific rates because the Court found these rates to be reasonable for the same attorneys in Civil Action 15-5977, *Yadi Mark v. City of Covington* (Rec. Doc. 30).

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Attorney's Fees (Rec. Doc. 144)
Page 2 of 7

part. *Miraglia v. Board of Dirs. of La. State Museum*, 901 F.3d 565 (5th Cir. 2018). The court reversed the award of compensatory damages to Plaintiff but affirmed the award of attorney's fees. *Id.* at 576, 577-78. The mandate issued on October 9, 2018. The Museum was taxed with the costs of the appeal. There is no indication that Plaintiffs raised the issue of additional attorney's fees with the Fifth Circuit.

Plaintiff now moves this Court for an additional attorney fee award of $27,595.05, which Plaintiff contends is reasonable compensation for defeating Defendant's appeal and its auxiliary motions.[2] Plaintiff advises that he has written off all time entries associated with briefing the mootness issue, which was not resolved in his favor on appeal. Plaintiff has also written off all time that *could be* associated with the mootness issue by a full 50 percent. Attorneys Andrew Bizer and Garret DeReus seek an increase in their hourly rate to $300/hour and $185/hour respectively. These attorneys contend that this increase would be modest and would reflect their increased skill and efficiency in handling ADA litigation.

In opposition, the Museum argues that awarding appellate attorney's fees would exceed the scope of the mandate, which was silent on the issue of attorney's fees. In other words, the Museum questions whether this Court has jurisdiction to award additional attorney's fees for appellate work. To the extent that any fees are awarded,

---

[2] To the extent that the auxiliary motions include the work performed in conjunction with the Museum's delay in implementing the ramp solution, attorney's fees cannot be awarded. The motion for contempt included a request for attorney's fees but the Court denied the contempt motion in its entirety. (Rec. Doc. 142).

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Attorney's Fees (Rec. Doc. 144)
Page 3 of 7

the Museum contends that the lodestar amount should be reduced by about 75 percent to reflect the number of successful versus unsuccessful claims raised on appeal. The Museum also disputes whether it would be appropriate to raise counsel's hourly rate from that previously set by the Court in this case.

Additionally, the Museum argues that the motion is premature because its deadline to file a petition for certiorari with the United States Supreme Court does not expire until December 13, 2018. The Museum posits that cert may very well be granted in this this case for "compelling reasons" because the Fifth Circuit might very well have decided an important federal question in a way that conflicts with relevant decisions of the Supreme Court. Sup. Ct. R. 10(c).

A fee-shifting statute like the ADA allows for a reasonable attorney's fee for appellate work so long as the plaintiff is the prevailing party on appeal. *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1236 (5th Cir. 1997) (citing *Bode v. United States,* 919 F.2d 1044, 1052 (5th Cir.1990)); *Johnson v. State of Miss.*, 606 F.2d 635, 639 (5th Cir. 1979); *see No Barriers, Inc. v. Brinker Chili's Texas, Inc.*, 262 F.3d 496, 498 (5th Cir. 2001) (applying § 1988 and Title VII attorney fee standards to ADA claims).

The Court is persuaded that it has jurisdiction to entertain Plaintiff's motion and that awarding attorney's fees for work defending the judgment would not exceed the scope of the appellate court's mandate. The district court does not lose jurisdiction over the attorneys' fees issue when neither the district court nor the appeals court has

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Attorney's Fees (Rec. Doc. 144)
Page 4 of 7

addressed it. *Bank of La. v. SunGard Avail. Servs., L.P.*, 374 F. App'x 539, 541 (5th Cir. 2010) (citing *United Indus. v. Simon–Hartley, Ltd.,* 91 F.3d 762, 764 (5th Cir.1996) (noting that "at a jurisdictional level, the district court is not precluded from ruling on the attorneys' fees issue by either its final judgment or our mandate")).

Plaintiff's counsel have done their usual excellent job of maintaining their billing records. The Court is persuaded that Plaintiff's attorneys have provided adequate support of the legitimate hours that they expended performing appellate work. But the Court agrees with the Museum in that the hourly rates that the Court previously determined should continue to apply for the appellate work in this case. This case does not present a situation where the litigation spanned many years so as to justify raising the rates during the course of the litigation. In fact, Plaintiff's appellate brief was filed on January 17, 2018, which was only a little over two months after the Court initially set hourly rates for Plaintiff's counsel.

The Court also agrees with the Museum insofar as it argues that the straight lodestar calculation of $27,595.05 is excessive and must be reduced, notwithstanding Plaintiff's efforts in trying to reduce the award to exclude work done on his own ill-fated appeal. Plaintiff can only recover fees to the extent that he was a prevailing party on appeal. Even as to the appeal that Plaintiff was forced to defend, he only prevailed insofar as he successfully defended the prior attorney fee award as to the issues of prevailing party status and reasonableness. The Court notes that the relevant briefing

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Attorney's Fees (Rec. Doc. 144)
Page 5 of 7

comprised less than ten pages.[3] Moreover, the award was affirmed based on the alternative ground that Plaintiff had essentially prevailed on his equitable claims even though the Court did not issue a formal injunction. *Miraglia*, 901 F.3d at 576. The Court has reviewed Miraglia's appellate brief and he did not brief this argument in defense of the award. Rather, Miraglia's attorney fee argument was based on the compensatory damage award that the appellate court reversed in the Museum's favor.

The Court therefore reduces the lodestar calculation by the 75 percent factor suggested by the Museum. The Court will award attorney's fees totaling $6,000.00 for the appellate work. Although this amount is significantly less that what Plaintiff is seeking, the Court is persuaded that it is a reasonable fee for the work done on appeal for which Plaintiff was a prevailing party.

Finally, the Court does not find that Plaintiff's motion is premature. The Museum has simply tracked the language verbatim from Supreme Court Rule 10(c) and fails to allude to any important question of federal law that in any way conflicts with relevant decisions of the Supreme Court.

Accordingly, and for the foregoing reasons;

---

[3] The Court has compared the briefing on the appeal with the memorandum filed in support of the first attorney's fee motion. Counsel did not simply cut and paste the original briefing for which they had already been paid. The briefing on appeal reflects additional legal research and analysis.

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Attorney's Fees (Rec. Doc. 144)
Page 6 of 7

**IT IS ORDERED** that the **Motion to Fix Attorney's Fees (Rec. Doc. 144)** filed by Plaintiff is **GRANTED** as follows: Plaintiff is awarded attorney's fees totaling $6,000.00 for work performed defending his judgment on appeal.

November 19, 2018

                                    _____
                                    JAY C. ZAINEY
                                    UNITED STATES DISTRICT JUDGE

15-4947 *Miraglia v. Bd. of Directors of La. State Museum*
Plaintiff's Motion for Attorney's Fees (Rec. Doc. 144)
Page 7 of 7